# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| TANAKA CHARLES,<br><br>　　　　　Plaintiff,<br>v.<br><br>FED EX. CORPORATION,<br><br>　　　　　Defendants. | Civil Action No.　**CV421-175**<br><br>Jury Trial Demand |

## COMPLAINT FOR DAMAGES, AND EQUITABLE RELIEF

Plaintiff, Ms. Tanaka Charles ("Plaintiff" or "Ms. Charles") submits the following Complaint for Damages and Equitable Relief against Defendant FedEx Corporation.

## INTRODUCTION

This is a case of employment discrimination, retaliation, and hostile work environment. Defendant discriminated against Ms. Charles because of her sex after she reported sexual harassment against a supervisor. Defendant further discriminated against Ms. Charles when they subjected her to reprisal and hostile work environment. Ms. Charles seeks loss compensation and economic benefits of employment, liquidated damages, and her reasonable attorney's fees and cost.

## JURISDICTION AND VENUE

1.

Plaintiff's clam presents federal questions against a private actor which this Court has jurisdiction pursuant to 28 U.S.C. §1331, and all prerequisites have been met. This suit is properly before this Court.

2.

Plaintiff made timely Equal Employment Opportunity Commission (EEOC) contact regarding counseling the claims at issue in this action, and following her EEOC investigation, Plaintiff received her right to sue on March 12, 2021.[1]

3.

Venue is proper pursuant to 28 U.S.C. § 1391 as the violations of Plaintiff's rights occurred in the Southern District of Georgia. Venue is also proper under 28 U.S.C. §1391(b) and (c), as every act of which Plaintiff complains occurred in the United States District Court for the Southern District of Georgia.

## ADMINISTRATIVE PROCEEDINGS

4.

Ms. Charles timely filed three charges of discrimination against FedEx Corporation with the Equal Employment Opportunity Commission within 180 days of the unlawful acts or omissions by Defendant that led to the injuries and adverse employment actions forming the basis of the allegations herein.

---

[1] *See* Plaintiff's Declaration attached hereto.

5.

Ms. Charles' first charge of discrimination against the Defendant was filed on November 6, 2019, under EEOC case no. 415-2019-01544.

6.

Ms. Charles file a second charge of discrimination against the Defendant that was filed January 2020, under the EEOC charge no. 490-2020-01264.

7.

Ms. Charles filed her final charge of discrimination against the Defendant which was filed on November 2020 under the EEOC charge no. 490-2020-02375.

8.

Plaintiff intends to amend this complaint and to incorporate by reference her second and third EEOC charges of discrimination should the administrative process has exhaust before this claim is adjudicated.

**PARTIES**

9.

Plaintiff, Ms. Charles, is a resident of Effingham County, Georgia who worked for Defendant FedEx Corporation until August 2020.

10.

Plaintiff is a "qualified individual with a disability" as that term is used and defined by ADA, 42 U.S.C. §12102(1) and §12111(8).

11.

Plaintiff is a person with a disability because she has an actual mental impairment (anxiety) causing substantial limitation in one or more major life activities, has a record of such impairment, and because she was regarded as having such an impairment.

12.

Defendant, FedEx Corporation, is an employer within the meaning of 42 U.S.C. §200e(b) and the ADA, 42 U.S.C. §12111(5) and has offices throughout the United States including in Chatham County, Georgia.

**FACTS**

13.

Plaintiff is an African American female, over the age of 40.

14.

Plaintiff began her employment with Defendant on July 12, 2018, as a part-time Package Handler at its Savannah, Georgia location.

15.

In October 2018, Plaintiff was offered a Seasonal Operations Administration position. Upon receiving this position, Plaintiff immediately applied for the permanent Operations Administration position.

16.

Though Plaintiff was not selected for the permanent Operations Administration position, Helen Navarro informed Plaintiff that she would be considered for a Senior Operations Administration position in January 2019 after her seasonal promotion had expired.

17.

In January 2019, Plaintiff engaged in protected activity by filing an internal sexual harassment claim against Johnny Ivey for unwelcome sexual advances including but limited to grabbing Plaintiff's buttocks, offensive comments about Plaintiff's buttocks, improper jokes made to Operation Manager Brian James Porter and Bradley Bar, and purposefully brushing up against Plaintiff when the two passed each other.

18.

In January 2019, Johnny Ivey laughed at Plaintiff and commented to the effect, "Oh you think you're going to get that HR position? Well, you're not."

19.

After Plaintiff's seasonal position had expired, she was instructed by management to return to her position as a Package Handler instead of being promoted to Senior Operations Administration.

20.

Only after Plaintiff complained to her supervisor Paul Hutchinson and later Dawn Wilkins, was she granted an interview for the Senior Operations Administration position she was later promoted to.

21.

After her promotion in February 2019, Manager Paul Hutchinson informed Plaintiff that her promotion to Senior Operational Administration would start off part-time but would later transition to full time. But despite Plaintiff's repeated request for a full-time position, she was never grant such even 15 months after her promotion.

22.

In March 2019, Plaintiff informed Dawn Wilkins, HR business partner, that she was being denied all the things she needed to perform her job.

23.

On July 2, 2019, Plaintiff informed management officials Ryan Lattimore and Dawn Wilkinson via e-mail of ongoing unbecoming conduct of Johnny Ivey to no avail.

24.

On August 2, 2019, Defendant further receive notice of Plaintiff's statutory protected activity when she filed an internal complaint (FedEx Case 884209561) of discrimination, harassment, and hostile work environment against Johnny Ivey.

25.

Later that month, Defendant rejected to even contact Plaintiff for a HR Business Partner position of which she applied and was qualified for. Instead choosing a candidate, outside of FedEx younger than the age 40.

26.

On November 20, 2019, Defendants finally concluded their alleged investigation into Plaintiff's internal sexual harassment complaint. Instead of investigating the underlying claims, Defendant issued Plaintiff a warning for using the work "negro" affectionately used in reference to her toddler nephew; and issued Johnny Ivey a warning for having an inappropriate ringtone.

## COUNT I
## HOSTILE WORK ENVIRONMENT DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED.

27.

Ms. Charles incorporates by reference the preceding Paragraphs as if fully reinstated herein.

28.

Ms. Charles is an African American woman.

29.

Plaintiff was qualified Senior Operations Administrator with Defendant as she was promoted less than one year after her hire with Defendant.

30.

As a woman, Plaintiff's sexual harassment claim against Defendant was not thoroughly investigated.

31.

Plaintiff was subject to unwelcome sexual grabbing, touching, and sexually inappropriate comments from her co-worker, Johnny Ivey, for several months.

32.

Plaintiff's co-worker grabbed, brushed up against, and made sexually inappropriate comments related to the size of her buttocks based on her female features as a woman. These acts were at times committed in the presence of management officials.

33.

By enduring unwelcomed sexual touching and sexually inappropriate comments about her buttocks other the span of months, Plaintiff's harassment was severe and pervasive.

34.

The harassment Plaintiff was subjected to also altered the terms and conditions of her employment with Defendant when it resulted in delays in being promoted, the denial of full-time work, and a disciplinary infraction for a term that was not directed at her colleague.

35.

Defendant is vicariously liable to this colleague's actions because other reports of sexual harassment have been made against him prior without correction.

COUNT II
AGE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

36.

Ms. Charles incorporates by reference the preceding Paragraphs as if fully reinstated herein.

37.

Ms. Charles is over the age of 40.

38.

Plaintiff met the qualifications for HR Business Partner when she applied for the position.

39.

Defendant was likely motivated by age when choosing to select a candidate in Danielle Bond for its HR Business Partner Position since she was under that age of 40.

40.

Management officials Brian James Porter and Paul Hutchinson at the time were both under the age of 40.

COUNT III
RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

41.

Ms. Charles incorporates by reference the preceding Paragraphs as if fully reinstated herein.

42.

Ms. Charles participated the statutorily protected activity when she initiated this EEOC claim while still employed with Defendant.

43.

Ms. Charles further engaged in protected opposition when she opposed unwelcome sexual advances by her co-worker Johnny Ivey by filing an internal sexual harassment claim based on her reasonable belief regarding the same based on Mr. Ivey's actions.

44.

Ms. Charles suffered an adverse employment action when she was not selected for the HR Business Partner position of which she was qualified after she filed a sexual harassment claim against her co-worker.

45.

Plaintiff also endured an adverse employment action when Defendant failed to provide the tools, she needed to be successful in March 2019 after being promoted and after filing a sexual harassment claim against her coworker.

46.

Defendant further subjected Plaintiff to an adverse employment action when it failed to transition Plaintiff to full-time work as promised by her supervisor Paul Hutchinson in March 2019.

47.

Mr. Ivey's unwelcome sexually harassing comments, advances, and physical gestures were made in the company of management officials like Brian James Porter and Bradley Bartucca. The connection between Plaintiff's protected activity and the adverse employment actions is that an adequate investigation into Mr. Ivey's actions would likely implicate members of management that observed the harassment firsthand and failed to act. Hence, by failing to provide Plaintiff the tools needed to perform her job and later

denying her opportunities for full-time advancement, Defendant seeks to evade scrutiny of complainant's sexual harassment claim by creating a retaliatory diversion.

<u>COUNT IV</u>
<u>RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED</u>

48.

Ms. Charles incorporates by reference the preceding Paragraphs as if fully reinstated herein.

49.

Plaintiff's supervisor Brian James Porter was a Caucasian male.

50.

At various times, Mr. Porter asked stereotypical questions to the effect, "why do black people… [insert a racial stereotype]."

51.

Furthermore, Mr. Porter often refused to call Plaintiff's African American, Shawanda Brabham by her first name. Instead using pejoratives that rhymed with her name like "Anaconda."

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a TRIAL BY JURY and that the following relief be granted:

A. That this Court take jurisdiction of this matter and the successive two EEO complaint's that are likely to follow soon.

B. That the Court award lost compensation and economic benefits of employment in the amount to be determined by the trier of fact;

C. That the Court award Plaintiff her cost of litigation in this action and her reasonable attorney's fees.

D. That the Court grant Plaintiff the right to have a trial by the jury on all the issues triable to a jury; and

E. That the Court grant such additional relief as the Court deems proper and just.

Respectfully submitted this 10th day of June 2021.

**JESSE KELLY PC**

By:   /s/ Jesse L. Kelly
Jesse L. Kelly,
Georgia Bar No. 935869
jesse@jkellypc.com

3355 Lenox Road
Suite 750
Atlanta, GA 30326
*Counsel for Plaintiff*